**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:07 CV 3675** |
| | ) | **1:05 CR 118** |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Terrence Haynes, Sr.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 38) and plaintiff's Motion to Dismiss (Doc. 40). For the following reasons, defendant's motion is DENIED and plaintiff's motion is GRANTED.

**Facts**

On March 9, 2005, a federal grand jury in Cleveland, Ohio, returned a three-count indictment against the defendant, Terrence Haynes, Sr., charging him with two counts of felon in possession, in violation of 18 U.S.C. § 922(g)(1), and one count of falsifying federal firearms forms, in violation of 18 U.S.C. § 922(a)(6). On June 6, 2005, defendant pleaded guilty to all three counts of the indictment. On September 6, 2005, he was sentenced to 70

1

months incarceration. On September 8, 2006, defendant filed a Notice of Appeal from the judgment entered on September 8, 2005. The Sixth Circuit Court of Appeals dismissed defendant's Notice of Appeal as untimely on December 12, 2006. On November 29, 2007, defendant filed a Motion to Vacate, Set Aside or Correct Sentence.

### Standard of Review

Pursuant to 28 U.S.C. §2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

### Discussion

Plaintiff asserts that defendant's motion is time-barred. For the following reasons, this Court agrees.

28 U.S.C. § 2255 imposes a one-year period of limitation for motions attacking a sentence. That section provides in relevant part:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

  action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of diligence.

Defendant was sentenced on September 6, 2005 and the judgment was issued on September 8, 2005. He was required to file a Notice of Appeal within ten days after entry of judgment. Defendant did not file a Notice of Appeal within the ten day period, but rather one year later. Accordingly, on December 12, 2006, the Sixth Circuit issued an order dismissing the Notice of Appeal as untimely. Since the Notice of Appeal was determined to be untimely, defendant's conviction became final ten days after the issuance of the judgment by this Court. Thus, defendant's conviction became final on September 18, 2005. Now, more than two years later, on November 29, 2007, defendant filed his § 2255 petition. Consequently, his petition is over 14 months past the one-year limitation deadline. Therefore, defendant's petition is time-barred and denied on this basis. For these reasons as well, plaintiff's Motion to Dismiss is granted.

  Furthermore, the Court declines to issue a certificate of appealability.

  28 U.S.C. § 2253(c) provides:

  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

  *(B) the final order in a proceeding under section 2255.*

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 474 U.S. 473, 484 (2000). The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*  Defendant has failed to establish that reasonable jurists would debate whether this Court was correct in its dismissal of the petition as untimely. The statute of limitations expired in September 2006.  Defendant waited more than14 months later to file the instant § 2255 petition.

Accordingly, the Court declines to issue a certificate of appealability.

        IT IS SO ORDERED.


     /s/ Patricia A. Gaughan
    PATRICIA A. GAUGHAN
    United States District Judge

Dated: 1/17/08